Filed 10/15/24  P. v. Marquez CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LAZARUS DANIEL MARQUEZ,<br><br>    Defendant and Appellant. | F087665<br><br>(Super. Ct. No. VCF322617)<br><br>**OPINION** |

### <u>THE COURT</u>*

APPEAL from an order of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*    Before Detjen, Acting P. J., Franson, J. and Meehan, J.

## INTRODUCTION

In 2017, appellant and defendant Lazarus Daniel Marquez (appellant) was convicted after a jury trial of kidnapping during a carjacking and other offenses, and sentenced to life with the possibility of parole.

In 2023, appellant filed a motion for resentencing pursuant to Penal Code[1] section 1170.91, which provides for resentencing of petitioners who have served in the United States military and can demonstrate specified harms arising from their service. (§ 1170.91, subd. (b).)  The trial court found appellant was ineligible for resentencing and denied the motion.

On appeal, appellate counsel filed a brief which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Appellant did not file a supplemental brief on his own behalf.  We independently review the record and affirm.

## FACTS

On July 10, 2015, appellant carjacked, kidnapped, robbed, and assaulted a victim with a firearm.  Appellant threatened the victim twice in case she tried to contact the police, and took her personal identifying information.

## PROCEDURAL BACKGROUND

On June 2, 2017, appellant was convicted after a jury trial of count 1, kidnapping during a carjacking (§ 209.5, subd. (a)); count 2, assault with a firearm (§ 245, subd. (a)(2)); count 3, carjacking (§ 215, subd. (a)); count 4, kidnapping (§ 207, subd. (a)); count 5, second degree robbery (§ 211); counts 6 and 7, dissuading a witness

---

[1]     All further statutory citations are to the Penal Code.

by means of force or threat (§ 136.1, subds. (b)(l), (c)); and count 8, identity theft (§ 530.5, subd. (a)).

The jury found appellant personally used a firearm as to counts 1, 3, 4, and 5 (§ 12022.53, subd. (b)); count 2 (§ 12022.5, subd. (d); and counts 6 and 7 (§ 12022.5, subd. (a)). The trial court found an on-bail enhancement true (§ 12022.1).

On July 14, 2017, the trial court sentenced appellant to an aggregate determinate term of 20 years four months plus life with the possibility of parole.

In 2019, this court filed the nonpublished opinion in appellant's direct appeal, *People v. Marquez* (July 15, 2019, F076266), and rejected his evidentiary challenges. We remanded the matter for the trial court to consider whether to exercise its discretion to dismiss the firearm enhancements imposed pursuant to sections 12022.53 and 12022.5, as a result of amendments enacted by Senate Bill No. 620 (2017–2018 Reg. Sess.), with directions to affirm the judgment after resentencing.

On January 27, 2020, the trial court conducted the hearing on remand, and declined to dismiss any of the firearm enhancements or modify the judgment.

## SECTION 1170.91 MOTION

On November 8, 2023, appellant, in propria persona, filed in the trial court a "Memorandum of Points and Authorities" (capitalization omitted) for resentencing under the amendments to section 1170.91, enacted by Senate Bill No. 1209 (2021–2022 Reg. Sess.), effective January 1, 2023. Appellant asserted he served in the military and suffered from service-related "PTSD," that manifested after his conviction and sentencing in this case. In support of the motion, appellant submitted a document that stated his service was "under honorable conditions" (capitalization omitted) and he was discharged in 2014 because of a "pattern of misconduct." (Capitalization omitted.)

The trial court appointed counsel and scheduled a hearing.

3

**Court's Denial of the Motion**

On January 23, 2024, the trial court conducted the hearing, denied appellant's motion, and found he was statutorily ineligible for resentencing pursuant to section 1170.91, subdivision (c), and section 667, subdivision (e)(2)(C)(iv), because he was convicted of violating section 209.5, an offense that was punishable by a life term.

On February 26, 2024, appellant filed a timely notice of appeal.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also includes counsel's declaration that appellant was advised he could file his own brief with this court. This court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues. Appellant did not do so.

In 2022, the Legislature amended section 1170.91, and restricted eligibility for resentencing "by adding subdivision (c), a carve-out provision stating that '[t]his section does not apply to *a person convicted of*, or having one or more prior convictions for, an offense specified in clause (iv) of paragraph (C) of paragraph (2) of subdivision (e) of [s]ection 667 or an offense requiring registration pursuant to subdivision (c) of [s]ection 290.' (§ 1170.91, subd. (c).) These changes became effective on January 1, 2023." (*People v. Sherman* (2023) 91 Cal.App.5th 325, 330, italics added.) Section 1170.91, subdivision (c), also "applies to pending petitions for resentencing filed before January 1, 2023, including those pending on appeal." (*Id*. at p. 333.)

Appellant was convicted in count 1 of kidnapping during a carjacking in violation of section 209.5, subdivision (a), that states: "Any person who, during the commission of a carjacking and in order to facilitate the commission of the carjacking, kidnaps another person who is not a principal in the commission of the carjacking shall be punished by imprisonment in the state prison for life with the possibility of parole." Appellant was

4

sentenced to life and he was ineligible for resentencing under section 1170.91, subdivision (c).

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The trial court's order of January 23, 2024, is affirmed.